IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 11-3707 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN M. MARTEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief for alleged civil rights violations. For the reasons stated below, the court dismisses the complaint without prejudice.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1  Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.     Legal Claims

7      As grounds for relief, plaintiff alleges that he is being denied access to courts.
8  Specifically, he states that the prison law library has no complete set of law books for research or
9  shepardizing; no meaningful access to photocopies of legal documents or exhibits; inmates are
10 limited to 90 minutes every other week at law library; there is no full time librarian assigned to
11 the law library to bring requested materials to the inmates, who are locked in cage during their
12 library sessions; and there only one librarian to staff the entire library.  Plaintiff also alleges that
13 prison staff issue threats and abuses in retaliation for his attempts to initiate complaints and
14 grievances.  Liberally construed, plaintiff states a cognizable claim that he has been denied
15 access to the courts, and that prison officials are retaliating against him.

16     In plaintiff's complaint, he states that he has two state actions pending in which he raised
17 the exact same issues as in his federal complaint.  (Compl. at 3b, 3c.)  The California Appellate
18 Court Case Information website indicates that plaintiff's state habeas petition, S193252, was
19 filed in the California Supreme Court on May 16, 2011, and is still pending.  See California
20 Appellate Courts, http://appellatecases.courtinfo.ca.gov/ (search Supreme Court case no.
21 S193252) (last visited September 9, 2011).  Plaintiff's own federal complaint demonstrates that
22 he filed a state habeas petition in superior court raising the same issues, however, it was denied
23 on June 16, 2011.  (Compl. Ex. I.)  On June 28, 2011, plaintiff filed a motion for rehearing in
24 superior court.  (Compl. Ex. A.)  It appears that this petition is also still pending.

25     Under the Younger doctrine, absent extraordinary circumstances, a federal court should
26 abstain from proceeding with a case if: (1) there is an on-going state court proceeding; (2) there
27 is an important state interest at issue; and (3) there is an adequate opportunity for plaintiff to
28 litigate the federal claims in the state court proceeding.  See Younger v. Harris, 401 U.S. 37, 40

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.11\Shove707dis.wpd        2

1  (1971); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)
2  (outlining the three Younger criteria); cf. Gilbertson v. Albright, 381 F.3d 965, 970-75 (9th Cir.
3  2004) (describing the development of Younger and its progeny).  Abstention pursuant to
4  Younger is appropriate here.

5       As to the first Younger element, the record demonstrates that plaintiff's state court
6  petitions are still ongoing, and raise similar issues as presented in his federal complaint.  As to
7  the second Younger element, the Supreme Court has held that administration of state criminal
8  facilities is an important issue of state interest.  See Preiser v. Rodriguez, 411 U.S. 475, 491-92
9  (1973) ("Since these internal problems of state prisons involve issues so peculiarly within state
10 authority and expertise, the States have an important interest in not being bypassed in the
11 correction of those problems.").  As to the third prong of Younger, the court finds no reason that
12 plaintiff cannot pursue his constitutional claims included in this lawsuit in state court.  State
13 courts are courts of general jurisdiction and are able to adjudicate questions of federal law.  See
14 Nevada v. Hicks, 533 U.S. 353, 366-67 (2001).  Thus, the Younger abstention is applicable here.

15      When Younger applies, and the federal party seeks injunctive relief, federal courts should
16 dismiss the action in its entirety.  See Colorado River Water Conserv. Dist. v. U.S., 424 U.S.
17 800, 816 n.22 (1976) ("Where a case is properly within [the Younger] category of cases, there is
18 no discretion to grant injunctive relief."); Gibson v. Berryhill, 411 U.S. 564, 577 (1973)
19 ("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation
20 of all claims, both state and federal, to the state courts.").

21 **CONCLUSION**

22      Plaintiff's complaint is DISMISSED without prejudice under Younger.  The clerk shall
23 terminate any pending motions, close the file and enter judgment in this case.

24      IT IS SO ORDERED.
25 DATED: 9/23/11

                                          RONALD M. WHYTE
26                                           United States District Judge

27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THEODORE SHOVE et al,

        Plaintiff,

  v.

M. MARTEL et al,

        Defendant.

Case Number: CV11-03707 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove G11092
San Quentin State Prison
San Quentin, CA 94974

Dated: September 23, 2011

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk