IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE, | ) No. C 11-3707 RMW (PR) |
| Plaintiff, | ) ORDER DENYING MOTION FOR |
| v. | ) RECONSIDERATION |
| WARDEN M. MARTEL, et al., | ) |
| Defendants. | ) |

Plaintiff, a capital prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking injunctive and declaratory relief against prison officials at San Quentin State Prison, as well as the California Attorney General, the California Department of Corrections and Rehabilitation, and several California state judges. In his complaint plaintiff alleged that he was being denied access to the courts, and that prison officials were retaliating against him. The court screened his complaint and related attachments, and concluded that plaintiff had two pending state court actions raising the same issues raised in his federal complaint.

Specifically, plaintiff's complaint demonstrated that he filed a state habeas petition in superior court, SC175948A, raising the same issues, however, that petition was denied on June 16, 2011. (Compl. Ex. I.) Plaintiff filed a motion for rehearing in superior court on June 28,

2011 (Compl., Ex. A), however, plaintiff did not indicate the disposition of that motion.  Further, this court noted that on May 16, 2011, plaintiff filed a state habeas petition in the California Supreme Court, S193252.  In his complaint, plaintiff asserted that he raised the same claims herein, and the state petition was still pending at the time plaintiff's federal complaint was filed.  (Compl. at 3c.)  As a result, this court dismissed plaintiff's case under the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37, 40 (1971).

On October 7, 2011, plaintiff filed a motion for rehearing, which this court construed as a motion for reconsideration.  On November 17, 2011, this court deferred ruling on the motion pending plaintiff's submission of documentary evidence.  For the reasons stated below, the motion for reconsideration is DENIED.

## BACKGROUND

Plaintiff was convicted and sentenced to death on March 13, 2008.  Thereafter, the California Supreme Court commenced an automatic appeal, pursuant to California Penal Code §§ 190.6, et seq.  Since then, plaintiff has been no stranger to the courts.  He has filed numerous pro se lawsuits in several courts, alleging violations of his constitutional rights.

On June 4, 2008, plaintiff filed a state habeas petition in California Supreme Court, Case No. S164093, which is still pending. (Docket No. 17, Ex. G.)

On October 29, 2008, plaintiff filed a writ of mandamus in federal court in the Central District of California, arguing that his conviction was illegal and requesting immediate release.  Shove v. Ayers, No. 08-7126 R.  On November 5, 2008, that court dismissed the action for failure to exhaust. (Docket No. 21, Ex. D:5.)  On November 24, 2008, that court denied plaintiff's motion for reconsideration. (Id. at Ex. D:6.)  On March 9, 2009, the Ninth Circuit Court of Appeals denied a certificate of appealability. (Id. at Ex. D:8.)  On April 28, 2009, plaintiff filed a writ of mandamus to the Ninth Circuit Court of Appeals seeking immediate release. (Id. Ex. D:9.)  On July 28, 2009, the Ninth Circuit denied the writ. (Id.)  On December 1, 2009, the Ninth Circuit denied plaintiff's motion for reconsideration. (Id., Ex. D:10.)

On February 13, 2009, plaintiff filed a civil rights complaint before this court in Shove v. Schwarzenegger, No. 09-0656 RMW, arguing that his imprisonment was illegal, and his criminal

1 convictions voide. On June 3, 2009, the court dismissed the action, concluding that the action
2 was barred under both <u>Younger</u>, 401 U.S. 37 (1971) and <u>Heck v. Humphrey</u>, 512 U.S. 477
3 (1994). Plaintiff filed a motion for reconsideration, which was denied on December 8, 2009.
4 (<u>Id.</u>, Ex. D:13.) On January 21, 2010, the Ninth Circuit subsequently determined that plaintiff's
5 appeal was so insubstantial that it did not warrant further review, and thus, it was not permitted
6 to proceed. (<u>Id.</u>, Ex. 14.)

7 On January 25, 2010, the United States District Court for the District of Columbia
8 dismissed plaintiff's complaint that district judges, the President of the United States, the
9 Attorney General, and many California defendants engaged in a conspiracy to violate his and
10 other prisoners' rights during their criminal prosecutions. (<u>Id.</u>, Ex. D:15.) The district court
11 dismissed the action pursuant to <u>Heck</u>, and subsequently denied a motion for reconsideration.
12 (<u>Id.</u>)

13 Thereafter, plaintiff filed another writ of mandamus, and on June 25, 2010, a federal
14 court in the Central District of California again dismissed it. (<u>Id.</u> Ex. D:11.) The court construed
15 the writ as a petition for writ of habeas corpus. In the petition, plaintiff again challenged his
16 criminal conviction and judgment. And again, the federal court dismissed it for lack of
17 exhaustion, and denied a certificate of appealability. (<u>Id.</u>) Plaintiff's petition for writ of
18 certiorari to the Supreme Court was filed on April 25, 2011 in case no. 11-5642, and denied on
19 October 3, 2011. <u>See</u> Supreme Court of the United States,
20 http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/11-5642.htm (search docket
21 number 11-5642) (last visited April 10, 2012). His petition for rehearing was denied on January
22 9, 2012. (<u>Id.</u>)

23 On May 16, 2011, plaintiff filed a state petition in California Supreme Court in Case No.
24 S193252. He filed a motion to file additional evidence on June 7, 2011. (Docket No. 21, Ex.
25 16:11) and a pleading entitled "additional evidence in support and request for formal hearing on
26 June 10, 2011 (<u>id.</u>).

27 Plaintiff's state habeas petition in superior court regarding, inter alia, law library issues
28 was dismissed for failure to state a claim on June 16, 2011. (Compl., Ex. I.) His petition for

Order Denying Motion for Reconsideration
G:\PRO-SE\SJ.Rmw\CR.11\Shove707denrecon.wpd     3

1  rehearing was denied on July 5, 2011.  (Docket No. 17, Ex. A.)

2      Plaintiff filed a petition for writ of habeas corpus to the Supreme Court on August 29,

3  2011 in case no. 11-6313.  See Supreme Court of the United States,

4  http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/11-6313.htm (search docket

5  number 11-6313) (last visited April 10, 2012).  That petition was denied on October 11, 2011,

6  and rehearing was denied on January 9, 2012.  (Id.)

## DISCUSSION

8      On March 12, 2012, plaintiff responded to the court's order directing him to file a

9  complete copy of his petition to the California Supreme Court in order to demonstrate that the

10  issues raised in that action were not the same ones as raised in the underlying complaint.

11  Plaintiff filed a "motion for compliance to court orders, and request for telephonic hearing."  In

12  his motion, plaintiff stated that his superior court petition for rehearing was denied on July 5,

13  2011, and thus, was no longer pending.  (Docket No. 17, Ex. A.)  Plaintiff further stated that his

14  California Supreme Court petition in S193252 did not include the same issues that he presented

15  in this underlying federal action.

16      Where, as here, the court's ruling has resulted in a final judgment or order, a motion for

17  reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil

18  Procedure.  The denial of a motion for reconsideration under Rule 59(e) is construed as a denial

19  of relief under Rule 60(b).  See McDowell v. Calderon, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999)

20  (citation omitted) (en banc).  A motion for reconsideration under Rule 59(e) "'should not be

21  granted, absent highly unusual circumstances, unless the district court is presented with newly

22  discovered evidence, committed clear error, or if there is an intervening change in the law.'"  Id.

23  at 1255 (citation omitted).  A district court does not commit clear error warranting

24  reconsideration when the question before it is a debatable one.  See id. at 1256.

25      Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where

26  one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;

27  (2) newly discovered evidence that by due diligence could not have been discovered before the

28  court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of

the judgment; (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Upon review of plaintiff's filings in his habeas petition to the California Supreme Court, case no. S193252, the court concludes that plaintiff has raised the claim regarding denial of access to the courts in both the underlying federal action as well as the California Supreme Court. Although plaintiff's state habeas petition itself concerns the review process to review a prisoner's conviction and sentence of death, plaintiff has filed two additional motions in that case, entitled "motion to file additional evidence in support of filed habeas corpus," (Docket No. 21, Ex. 16:11) and "additional evidence in support and request for formal hearing (id.).  In those pleadings, plaintiff requests a temporary restraining order, or order of protection (id., index to exhibits) and alleges that the enclosed evidence demonstrates "intentional acts to obstruct and impede the due administration of law," and "denied meaningful access to the United States Courts, and due process of laws, [sic] equal protection of law." (Id., Ex. 16:11.) Plaintiff goes on to note that he has given notice to the Chief Justice of the California Supreme Court and the Warden of the same.  (Id.) In his notice to the Chief Justice, plaintiff complains, inter alia, that he is being prevented from accessing the courts because he is being denied meaningful access to photocopies, the library does not have a complete set of law books, and he does not have meaningful access to the library.  These complaints also form the basis of his underlying federal claim alleging a denial of access to the courts.

Applying the Younger test, the court concludes that abstention remains appropriate. Younger, 401 U.S. at 40.  First, plaintiff's California Supreme Court petition is still pending, see Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001), and his underlying motions in that action raise similar issues as presented in his federal complaint.  Second, the administration of state criminal facilities is an important issue of state interest.  See Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973); see also Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975) (holding that Younger abstention extends to a state civil proceeding "which in important respects is more akin

1  to a criminal prosecution than are most civil cases"). Third, plaintiff has not suggested, nor has
2  the court found, any reason that he cannot continue to pursue his federal constitutional claims
3  raised in this action in state court. And, finally, should this court entertain plaintiff's action, it
4  would enjoin the California Supreme Court's determination of plaintiff's motions in a way that
5  <u>Younger</u> would disapprove. Cf. <u>SJSVCCPAC v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir.
6  2008).

**CONCLUSION**

Plaintiff's motion for reconsideration is denied. The clerk shall terminate all pending motions. No further filings will be accepted in this closed case.

IT IS SO ORDERED.

DATED: Î Ð Ð G

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE et al, | Case Number: CV11-03707 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| M. MARTEL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove G11092
San Quentin State Prison
San Quentin, CA 94974

Dated: June 5, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk